**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| SCHAEFFLER TECHNOLOGIES GMBH & CO. KG, <br> 99 North Fearing Boulevard <br> Toledo, Ohio 43607 <br>        Plaintiff, <br>   v. <br> GT TECHNOLOGIES, INC. <br> Industriestrasse 1-3 <br> 91074 Herzogenaurach, Germany <br>        Defendant. | Civil Action No. <br><br> Judge |

**COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

Plaintiff Schaeffler Technologies GmbH & Co. KG ("Schaeffler") for its Complaint against Defendant GT Technologies, Inc. ("GT Technologies"), hereby alleges as follows:

**Nature of Action**

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code.

**The Parties**

2. Schaeffler is a corporation organized and existing under the laws of the Federal Republic of Germany, and has its principal place of business at Industriestrasse 1-3, 91074 Herzogenaurach, Germany.

3. On information and belief, Defendant GT Technologies is a Delaware corporation having its principal place of business at 5859 Executive Drive, Westland, Michigan 48185.  On information and belief, GT Technologies has a manufacturing facility located at 99 North Fearing Boulevard, Toledo, Ohio 43607.

### Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Schaeffler does business in the United States, including in this District, through various wholly-owned subsidiaries by, *inter alia*, selling and servicing automotive products sold under the brand names INA®, FAG®, and LUK®.

6. On information and belief, this Court has personal jurisdiction over GT Technologies.  On information and belief, GT Technologies derives substantial revenue from manufacturing automotive products in this District and selling the products throughout the United States, including this District.  More particularly, on information and belief, GT Technologies has purposefully availed itself of the privilege of conducting business within the Northern District of Ohio by, *inter alia*, manufacturing automotive parts in this District, shipping automotive parts out of this District for distribution throughout the United States and abroad, and/or deriving substantial income from sales of automotive parts manufactured in this District.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(b), and Local Rule 3.8(b).

### Background

8. Schaeffler is the owner of United States Patent No. 5,325,825 ("the '825 patent," copy attached as Exhibit A), entitled "Finger Lever or Rocker Arm for a Valve

Actuating Mechanism of an Internal Combustion Piston Engine," which was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on July 5, 1994.  The '825 patent is directed to a finger lever or rocker arm for a valve actuating mechanism of an internal combustion engine, wherein the finger lever or rocker arm has an oil bore directed to the periphery of the roller.

9. Schaeffler is the owner of United States Patent No. 5,775,280 ("the '280 patent," copy attached as Exhibit B), entitled "Securing Device for an Actuating Lever in a Valve Control Mechanism of Internal Combustion Engines," which was duly and legally issued by the USPTO on July 7, 1998.  The '280 patent is directed to a device for securing an actuating lever of a valve control mechanism of an internal combustion engine to a support element.

10. Schaeffler is the owner of United States Patent No. 6,615,635 ("the '635 patent," copy attached as Exhibit C), entitled "Method of Making a Lever-Type Cam Follower, and Lever-Type Cam Follower," which was duly and legally issued by the USPTO on September 9, 2003.  The '635 patent is directed to a method for making a lever-type cam follower by cold forging.

## COUNT 1
## Infringement of the '825 Patent

11. Schaeffler repeats and realleges paragraphs 1-10 above as if set forth herein.

12. On information and belief, GT Technologies has infringed and continues to infringe the '825 patent, either directly or indirectly.  The infringing acts include the manufacture, use, sale, offer for sale and/or importation of finger levers having a bore as claimed in the '825 patent, including without limitation, finger levers for use in the Volkswagon EA111 engine.

13. GT Technologies' acts of infringement have caused damage to Schaeffler and Schaeffler is entitled to recover the damages sustained as a result of GT Technologies' wrongful acts.

14. GT Technologies' infringement of Schaeffler's rights under the '825 patent has and will continue to damage Schaeffler's business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

15. On information and belief, GT Technologies' infringement of the '825 patent is willful and deliberate, entitling Schaeffler to increased damages under 35 U.S.C. § 284 and attorneys fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT 2
### Infringement of the '280 Patent

16. Schaeffler repeats and realleges paragraphs 1-15 above as if set forth herein.

17. On information and belief, GT Technologies has infringed and continues to infringe the '280 patent, either directly or indirectly. The infringing acts include the manufacture, use, sale, offer for sale and/or importation of devices for securing finger levers to support elements as claimed in the '280 patent, including without limitation, securing devices for use in the Volkswagon EA111 engine.

18. GT Technologies' acts of infringement have caused damage to Schaeffler and Schaeffler is entitled to recover the damages sustained as a result of GT Technologies' wrongful acts.

19. GT Technologies' infringement of Schaeffler's rights under the '280 patent has and will continue to damage Schaeffler's business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

20. On information and belief, GT Technologies' infringement of the '280 patent is willful and deliberate, entitling Schaeffler to increased damages under 35 U.S.C. § 284 and attorneys fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT 3
## Infringement of the '635 Patent

21. Schaeffler repeats and realleges paragraphs 1-20 above as if set forth herein.

22. On information and belief, GT Technologies has infringed and continues to infringe the '635 patent, either directly or indirectly. The infringing acts include the manufacture, use, sale, offer for sale and/or importation of lever-type cam followers made by the cold forging method claimed in the '635 patent.

23. GT Technologies' acts of infringement have caused damage to Schaeffler and Schaeffler is entitled to recover the damages sustained as a result of GT Technologies' wrongful acts.

24. GT Technologies' infringement of Schaeffler's rights under the '635 patent has and will continue to damage Schaeffler's business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

25. On information and belief, GT Technologies' infringement of the '635 patent is willful and deliberate, entitling Schaeffler to increased damages under 35 U.S.C. § 284 and attorneys fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests the following relief:

(a) A judgment that the '825 patent has been and continues to be infringed by GT Technologies;

      (b)    A judgment that the '280 patent has been and continues to be infringed by GT Technologies;

      (c)    A judgment that the '635 patent has been and continues to be infringed by GT Technologies;

      (d)    An accounting and award of all damages sustained by Schaeffler as a result of GT Technologies' acts of infringement together with prejudgment interest.

      (e)    A permanent injunction enjoining any infringement by GT Technologies of the '825, '280, and '635 patents;

      (f)    A judgment that GT Technologies' infringement is willful;

      (g)    A judgment that GT Technologies' conduct is exceptional;

      (h)    Attorneys' fees incurred by Schaeffler in connection with this action under 35 U.S.C. § 285;

      (i)    Costs and expenses incurred by Schaeffler in connection with this action, including under 35 U.S.C. § 284; and

      (j)    Such other relief as this Court may deem proper.

## Jury Demand

Pursuant to Fed.R.Civ.P. 38(b) and L.R. 38.1, Schaeffler hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

Dated: September 13, 2011                                By:   /s/ Richard M. Kerger

Richard M. Kerger (0015864)
KERGER & HARTMAN, LLC
33 South Michigan St., Suite 100
Toledo, Ohio 43604
Tel: (419) 255-5990
Fax: (419) 255-5997
rkerger@kergerlaw.com

Of Counsel:
Lawrence F. Scinto
Marc J. Pensabene
Will C. Autz
FITZPATRICK, CELLA, HARPER
   & SCINTO
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 218-2100
Fax: (212) 218-2200
lscinto@fchs.com
mpensabene@fchs.com
wautz@fchs.com

*Attorneys for Plaintiff Schaeffler Technologies GmbH & Co. KG*